ADOLPHE PAUL et al., Respondents, v. WILLIAM FULTON AND M. BROTHERTON, Appellants.

*Trust.*—R. P. and his children being jointly interested in land with G. P. and his children, the land was sold in partition and purchased by R. P. for the joint benefit of himself and G. P., no money being paid except the costs, of which each paid one half. R. P. gave G. P. a written acknowledgment, as follows : " I do hereby declare that the purchases which I made, &c., were made for the joint account of G. P. and myself on a verbal agreement between him and me—the deeds of sale are to be made by the commissioner to me.   If G. P. wishes to have one half of each tract, I shall execute deeds to him to that purpose; otherwise and until then, whenever I shall sell any part of either, I shall account to him for the one half of the nett proceeds." *Held*, that the trust was a trust for the purpose of converting the land into money, and might as well be executed by the executor of R. P. after the death of G. P. and R. P. as by R. P. himself, no request for a conveyance prior to the sale being shown.

### Appeal from St. Louis Land Court.

This case was before the court as reported in 25 Mo. 156. After the case was remanded the plaintiffs amended their petition, setting forth the transaction between Gabriel Paul and René Paul, and setting up the written declaration of trust on the part of René in favor of Gabriel Paul, and alleging that Fulton was a purchaser with notice, and pray-

ing a decree for one half of the land. On the trial it appeared that the late Gabriel Paul and René Paul, with their children respectively, were tenants in common of a tract of land on Creve Cœur lake, containing 800 arpens. In 1838, proceedings were had in St. Louis Circuit Court for the partition of this land among the parties in interest. A judicial sale in partition was had, and René Paul became the purchaser, and the land was conveyed to him by the commissioners. At the time of the sale in partition, there was a private agreement between the brothers Gabriel and René, that René should purchase the land, and hold it, under the obligation to convey one half to Gabriel if requested; and if he should sell the same, to account to Gabriel for one half the proceeds. This agreement was reduced to writing, but never recorded. In 1846 Gabriel Paul died, leaving for heirs his children, the plaintiffs in the present suit. In 1851 René Paul died, leaving a will, in which he empowered and directed his executors to sell his lands. Marshall Brotherton, the executor of René Paul, in 1852 advertised and sold the land in question to the defendant Fulton and Mrs. Gosnell, one of the children of René Paul. One half the purchase money was paid down—Mrs. Gosnell, however, giving a receipt to the executor for the amount due by her as a part of her distributive share of the estate. The other half of the purchase money was secured by a note payable in two years. In 1853, Mrs. Gosnell sold and conveyed to Fulton her half of the land, subject to the deferred payment. The second payment under the sale by Brotherton had not been made when this suit was commenced on the 23d day of July, 1855. Pending the suit, this second payment was fully made by Fulton to Brotherton.

The original petition of the plaintiffs stated that they were owners in equity of one half of the land ; that Fulton made his purchase with notice of the plaintiffs' equitable rights, and it asked for a conveyance of one half of the land, or, in the alternative, if no notice appeared, then that they should have a decree for one half the purchase money.

The agreement signed by René Paul was as follows :

" I do hereby declare that the purchase which I made of two tracts of land, each of 800 arpens, the one at Creve Cœur, the other on the road from St. Louis to St. Ferdinand, were made for the joint account of Gabriel Paul and myself on a verbal agreement between him and me—the deeds of sale are to be made by the commissioners to me. If Gabriel Paul wishes to have one half of each tract, I shall execute deeds to him to that purpose ; otherwise and until then, when-ever I shall sell any part of either, I shall account to him for the one half of the nett proceeds.

August 21st, 1838. R. PAUL."

The evidence was the same as at the former hearing.

### Finding of Facts by the Court.

" In June, 1837, René Paul and his children were the owners of a moiety of the land described in the petition, and Gabriel Paul and his children were the owners of the other moiety of said land ; that, under proceedings had in par-tition, the said land was sold by commissioners on the 20th day of August, 1838 ; and at such sale René Paul became the purchaser thereof, and received a deed from the commis-sioners therefor. That said René Paul paid no money upon the receipt of said deed, except the costs of the proceedings in partition, one half of which costs were afterwards paid by said Gabriel Paul to said René. That said René Paul held the land so purchased upon the trust to convey the half thereof to Gabriel Paul upon request ; or, if no request was made for a conveyance, to sell the same, and to account to said Gabriel for one half of the proceeds of sale. That no request was made by Gabriel Paul for conveyance in his life-time, nor by his heirs after his death, until after the sale of said land to said Fulton and the trustee of Mrs. Louise Gosnell. That during this time, and up to August, 1843, here were transactions between the brothers Gabriel Paul and René Paul in regard to the purchase and sale of land on their joint account. That in September, 1842, each of

the brothers claimed a balance as due to him from the other. That in August, 1843, René Paul, by letter addressed to Gabriel Paul, requested him to come to an account touching the various land transactions between them. That Gabriel Paul died in August, 1846, leaving heirs Adolphe, Estelle, wife of R. W. Ulrici, and Therese, wife of George R. Taylor. That René Paul died in May, 1851, leaving heirs Gabriel R., Edmund W., Louise A., wife of George Gosnell, Julia, wife of F. B. Beckwith, and the children of his deceased daughter Emile Ham. That René Paul, by his will, after a specific devise of one lot of land, directed his executor to sell and convey, absolutely, all his remaining real and personal estate and directed the disposition of the proceeds thereof. That in June, 1852, the executor Marshall Brotherton, pursuant to the directions in said will, sold and conveyed the land in question to William Fulton and the trustee of Louise A. Gosnell, wife of said George Gosnell, and daughter of said René Paul, for the sum of $5,150.80. That in payment the receipt of Mrs. Gosnell and her husband was taken for one fourth on account of what was due to her under the will of said René Paul, and one fourth was paid by the note of said William Fulton, payable at six months, secured by deed of trust upon real estate in the city of St. Louis, which note was paid at maturity; the remaining half of said purchase money was secured by the note of said Gosnell and wife and said Fulton, payable two years from date, secured by deed of trust upon the premises sold, which last note was wholly due at the time of the commencement of this suit. That on the 6th day of May, 1853, Louise Gosnell conveyed her interest in said land to said Fulton, who, after the commencement of this suit, paid the balance of said purchase money to the executor of the estate of René Paul, who then entered satisfaction of said deed of trust upon the margin of the record thereof. That, before the sale made to Fulton and Gosnell, the executor made advertisement as is set forth in his amended answer.

" That neither of said purchasers had notice of the trust

on which said land had been held by said René Paul until the commencement of this suit, but that shortly after the conveyance made to them by said executor, George R. Taylor, one of the plaintiffs, stated to them that he believed he had some right or claim in the said land, or that his wife had, but that he did not intend to prosecute the same; that in 1843, the land in question was not worth more than from three to five dollars per acre, and in 1855 had risen in value to be worth forty dollars per acre; that Gabriel and René Paul were at variance for many years, but were reconciled to each other about one year before the death of Gabriel. Thereupon the court declares that said William Fulton by his said purchase became a trustee of the plaintiffs for one half of the land described in plaintiffs' petition; and this court doth order, adjudge and decree that said William Fulton convey to the plaintiffs, Therese Taylor, Estelle Ulrici, and Adolphe Paul, one undivided half of said land; and this court doth further order, adjudge and decree that the plaintiffs pay the costs of this suit, and all the expenses attending said conveyance.' C. B. LORD."

On the foregoing facts the court below gave judgment that the defendant Fulton was a trustee for the plaintiffs as to one half of the land, and should convey the same to them, and that Brotherton should refund to him the moneys by him received of Fulton on the purchase of said land since the commencement of this suit, with interest, and that the plaintiffs should pay the costs of suit.

The defendant Fulton moved for a review, and the same was refused. He then appealed.

*R. M. Field*, for appellant Fulton.

FIRST POINT.—The judgment awarding one half the land to the plaintiffs is inconsistent with the trust as found by the court.

The court in the finding of the facts declares that "René Paul held the land in trust to convey the half thereof to Ga-

briel Paul upon request, or, *if no request was made for a conveyance, to sell the same, and to account to said Gabriel for one half the proceeds of the sale ;* and that no request was made by Gabriel Paul for a conveyance in his lifetime, nor by his heirs after his death, until after the sale to Fulton and Mrs. Gosnell's trustee."

By the plain terms of the trust, Gabriel, in the event of a sale, was entitled to one half the proceeds of sale, and he was entitled to no more.

The judgment of the court, therefore, giving one half the land to the plaintiffs, and in fact annulling the sale by which the whole had been conveyed to Fulton, was manifestly erroneous.

It would be very absurd to construe the agreement so as to give to Gabriel a right to one half the land after it had been sold.

The sale is in every respect unimpeachable. It only took place till fourteen years after the trust, by public advertisement and full notice to the heirs of Gabriel, and for an adequate and fair price.

SECOND POINT.—No judgment can properly be rendered against Fulton for the proceeds, since he has properly paid the purchase money to Brotherton. The present is not a case where the purchaser is bound to see to the application of the purchase money. Such a case exists only where the sum under the trust is definite and precise. (2 Sto. Eq. 357.) Here, by the very terms of the trust, the proceeds were in the first instance to be received by the trustee, and be *accounted for* by him. In the account to be rendered by René Paul, he would of course be allowed all just disbursements for taxes and other expenses. It would be unreasonable to draw an honest purchaser into such an account.

THIRD POINT.—The circumstances of the case fully warrant the belief that the claims of Gabriel Paul in this property had been compromised with René in the lifetime of the brothers. They were at variance for several years about their mutual dealings in respect to their joint property.

They settled their differences amicably, and became reconciled. For full ten years after this settlement no interest in this property was asserted on behalf of Gabriel Paul or his heirs.

The judge of the Land Court was satisfied that the brothers had compromised the claim which is now asserted by the plaintiffs, and he seems to have yielded his opinion only in deference to the supposed opinion of this court when the case was here before. But an examination of the report in 25th Mo. will show that the court expressed no opinion on that question of fact, nor does it appear that its attention was directed to the subject.

*Lackland, Cline* and *Jamison,* for Brotherton.

*Whittelsey,* for respondents.

I. This cause has been tried and determined in the lower court in accordance with the decision of this court when this case was before it, as reported in 25 Mo. 156, and that decision is the law of this case. (Chambers' Adm'r v. Smith's Adm'r, 30 Mo. 156; Roberts v. Cooper, 20 How. 467.)

II. The plaintiffs have proved themselves to be owners of an equitable fee in one half of the land, and are entitled to demand a conveyance from the defendant Fulton. (Boyd v. McLean, 1 John Ch. 582, and cases there cited; 2 White & Tud. L. Eq. C., Pt. 1, 560; Dyer v. Dyer, 1 Wh. & Tud. L. Eq. C. 138; see cases cited at former hearing.)

The defendant is a purchaser with notice. (25 Mo. 156; 2 Wh. & Tud. L. Eq. C. 111, 115; 8 Wheat. 241; 8 Mo. 303; 10 Pet. 177.)

III. *a.* The trust by which René Paul was to convey upon request, or to pay one half of the proceeds upon the sale, was personal to himself, and his authority was terminated by the death of Gabriel Paul in 1846, and from that date he held one half as trustee for plaintiffs, and could not sell without their consent.

*b.* His executor had no authority to sell the equitable fee of the plaintiffs.

*c.* The defendant had notice of the plaintiffs' title by this suit, while one half of the purchase money was unpaid, and for this money he has judgment.

*d.* The land was not personalty as between Gabriel and René Paul, but belonged to them as tenants in common, and René could not sell without consent. It was not partnership property, and did not pass to the survivor. (Lake v. Gibson, 1 Wh. & Tud. L. C. Eq. 118 Am. Ed. 170 ; Coles v. Coles, 1 Am. L. C. 337, 340, and cases cited.)

BATES, Judge, delivered the opinion of the court.

In the finding of the facts by the court below, it was properly found (from the evidence as preserved) " that said René Paul held the land so purchased upon the trust to convey the half thereof to Gabriel Paul upon request, or, if no request was made for a conveyance, to sell the same, and to account to said Gabriel Paul for one half of the proceeds of sale." This trust does not appear to have been founded upon a personal confidence in René Paul, for Gabriel retained a right to demand a conveyance of his interest, and a sale might be made only in default of such demand. Nor do any of the attendant circumstances indicate that the trust was merely personal. The prime object of the proceedings in partition, which terminated in the conveyance to René Paul, seems to have been to place the land in such condition that it could be readily conveyed to a purchaser if sale should be made of it. This object was well accomplished by vesting the title in René Paul ; and if he had sold the whole tract, or any part of it, such sale would have been in conformity with the trust.

Gabriel Paul, too, if he had found an opportunity to sell his half, could have demanded a deed from René Paul, and thus been in condition to convey. No request for a conveyance having been made during the life of René Paul, at his

death his representatives took the land upon the same trust as he held it, and his executor having sold the land, the purchaser acquired a good title discharged from the trust.

The declaration, therefore, of the court below that Fulton, the purchaser, became a trustee of the plaintiff for one half the land, and judgment in accordance with that declaration, were erroneous. Under the circumstances the plaintiffs may desire to amend their petition, so as to claim only of the executor of René Paul one half the purchase money, and dismiss as to the purchaser of the land. The case will, therefore, be remanded.

The case as now presented to the court differs materially from what it was when formerly before this court, as reported in 25 Mo., p. 157. Then the trust did not authorize a sale by the trustee. As now shown, the authority to sell is expressed.

Reversed and remanded. Judges Bay and Dryden concur.